**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MOZELLA DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>RENAL CARE GROUP, INC.; FRESENIUS MEDICAL CARE-MERIDIAN HEALTH SYSTEM, LLC; JENNIFER SONNENBERG; ABC CORPORATIONS 1-5 (fictitious names describing presently unidentified business entities); and JOHN DOES 1-5 (fictitious names describing presently unidentified individuals),<br><br>Defendants. | Case No. 2:26-cv-05880 (BRM) (AME)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a motion by Plaintiff Mozella Daniels ("Plaintiff") to remand this action to the Superior Court of New Jersey, Union County, which includes a request for attorneys' fees and costs. (ECF No. 6.) Defendants Renal Care Group, Inc. ("RCG") and Fresenius Medical Care-Meridian Health System, LLC ("Fresenius-Meridian") (together, "Defendants") filed an opposition (ECF No. 12), and Plaintiff filed a reply (ECF No. 15). To date, Defendant Jennifer Sonnenberg ("Sonnenberg") has not been properly joined and served. Having reviewed and considered the submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, Plaintiff's Motion to Remand is **GRANTED** and the request for attorneys' fees is **DENIED.**

## I. BACKGROUND[1]

This case arises out Defendants' alleged failure to make workplace accommodations for Plaintiff during her pregnancy. (ECF No. 6-2 ¶¶ 15–24.) Plaintiff was working for RCG as a dialysis technician when she discovered her pregnancy in November 2025. (*Id.* at ¶ 15.) At the time, she advised RCG of her pregnancy and continued working. (*Id.* ¶¶ 16–17.) Plaintiff later suffered bleeding indicative of her pregnancy being high-risk. (*Id.* ¶ 18.) Plaintiff was evaluated by her physician who drafted her a note detailing required workplace accommodations. (*Id.* ¶ 19.) Plaintiff requested RCG make accommodations including suspension of duties that required squatting, pushing, pulling, lifting in excess of 20 pounds, prolonged sitting or standing, climbing ladders, excessive stair climbing, reaching below waist height or above shoulder height, and that she be permitted to alternate positions every two to four hours. (*Id.* ¶ 20.)

Plaintiff's supervisor at RCG denied many of Plaintiff's accommodation requests. (*Id.* ¶ 21.) Plaintiff escalated the issue to Sonnenberg, who was allegedly jointly employed by Defendants RCG and Fresenius-Meridian in the role of Senior Employee Relations Accommodations Manager. (*Id.* ¶¶ 5, 21.) The Complaint includes images of emails sent between Plaintiff and Sonnenberg with letterhead stating "Fresenius Medical Care" and listing Sonnenberg's email domain as "@FreseniusMedicalCare.com." (*Id.* ¶ 22.) Despite Sonnenberg's representation that she would grant two of Plaintiff's requested accommodations (*id.*), Plaintiff was unable to use any of them because RCG failed to adequately staff Plaintiff's shifts, effectively preventing her from resting. (*Id.* ¶ 23.) Plaintiff alleges she suffered a miscarriage around February 2026 because of Defendants' failure to provide her with adequate accommodations. (*Id.* ¶ 24.)

---

[1] For the purpose of conducting the fraudulent joinder analysis, all factual allegations in the complaint are assumed to be true. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992).

Plaintiff filed her Complaint in New Jersey Superior Court alleging workplace discrimination, disparate treatment, hostile work environment, failure to accommodate and failure to engage in interactive process in violation of the New Jersey Law Against Discrimination ("NJLAD") based on her disability. (*Id.* at 5–20.) Defendants filed a Notice of Removal on May 22, 2026. (*Id.* at 22–51.) On June 8, 2026, Plaintiff filed a Motion to Remand, arguing that because Plaintiff and Defendant Fresenius-Meridian are both undisputedly New Jersey citizens, the forum defendant rule requires remand of this action to state court. (ECF No. 6.) Defendants opposed the Motion, arguing that Fresenius-Meridian was fraudulently joined and its citizenship should be disregarded for the purposes of establishing diversity jurisdiction. (ECF No. 12.) Defendants also filed an Answer (ECF No. 8) and Motion to Dismiss (ECF No. 7), the latter of which was held in abeyance pending the disposition of this Motion to Remand (ECF. No. 13). Plaintiff filed a reply, arguing Defendant Fresenius-Meridian was not fraudulently joined and any unresolved questions of law and fact at this stage must be resolved in favor of the party seeking remand. (ECF No. 15.)

## II. Legal Standard

### A. Removal

Under 28 U.S.C. § 1441, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." There are two grounds for federal district court jurisdiction over a civil lawsuit. The first ground for invoking the jurisdiction of a federal court is known as federal question jurisdiction, where "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Additionally, a federal court has original jurisdiction over a civil action where there is complete diversity among opposing parties and "the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332. This ground of federal jurisdiction is known as diversity jurisdiction.

Typically, a notice of removal of a civil action must be filed by a defendant within thirty days of receiving the complaint. 28 U.S.C. § 1446(b). However, where it is not evident from the face of the complaint that a case is removable, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Upon the removal of an action, a plaintiff may challenge such removal by moving to remand the case back to state court. 28 U.S.C. § 1447(c). Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Federal courts rigorously enforce the congressional intent to restrict federal diversity jurisdiction, and therefore removal statutes are "strictly construed against removal" and "doubts must be resolved in favor of remand." *Id.* at 396–403; *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citation omitted).

**B. Fraudulent Joinder**

"The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 215–16 (3d Cir. 2006). Where one or more defendants are fraudulently joined, a court may disregard the citizenship of those defendants for the purpose of establishing diversity jurisdiction and retain jurisdiction even

when the parties are nondiverse. *Id.* A defendant is fraudulently joined when the claim against it has no reasonable basis in fact or colorable legal ground supporting the claim, or where plaintiff has no real intention in good faith to prosecute the action or to seek joint judgment against the nondiverse defendant. *Id.*

In conducting the fraudulent joinder analysis, all factual allegations in the complaint are assumed to be true, and the court must resolve any uncertainties in the law in favor of the plaintiff. *See Batoff*, 977 F.2d at 852; *see also Boyer*, 913 F.2d at 111. While a court may look beyond the pleadings "to identify indicia of fraudulent joinder[,]" the court must "not step from the threshold jurisdictional issue into a decision on the merits." *In re Briscoe*, 448 F.3d at 216 (internal quotation marks and citation omitted).

The party seeking to establish fraudulent joinder carries "a heavy burden of persuasion." *Batoff*, 977 F.2d at 851 (citation modified); *see also Avenatti v. Fox News Network, LLC*, 41 F.4th 125, 133 (3d Cir. 2022) (holding the fraudulent joinder doctrine "has a very high bar for showing 'fraud'"). "If there is even a *possibility* that a state court would find that the complaint states a cause of action . . . the federal court must find that joinder was proper and remand the case to state court." *Boyer*, 913 F.2d at 111 (emphasis added) (citation omitted). Therefore, the inquiry into the complaint upon a claim of fraudulent joinder is less searching than the inquiry triggered by a Rule 12(b)(6) motion. *Batoff*, 977 F.2d at 851; *In re Briscoe*, 448 F.3d at 216; *see also Mondesir v. Marriott Int'l, Inc.*, Civ. A. No. 22-cv-01346, 2022 WL 17084405, at *2 (D.N.J. Oct. 26, 2022) (holding fraudulent joinder standard "significantly more forgiving than that governing motions to dismiss" (citation omitted)).

The Third Circuit has found fraudulent joinder only when the claims against a nondiverse defendant are clearly frivolous or insubstantial. *See, e.g.*, *Brown v. Jevic*, 575 F.3d 322, 326-27

(3d Cir. 2009) (finding fraudulent joinder appropriate when non-diverse party was in bankruptcy and could not be sued); *In re Briscoe,* 448 F.3d at 219 (fraudulent joinder when claim against non-diverse party was barred by statute of limitations); *Hogan v. Raymond Corp.*, 536 F. App'x 207, 210 (3d Cir. 2013) (finding fraudulent joinder when claim was clearly barred by Pennsylvania Workers' Compensation Act); *Roggio v. McElroy, Deutsch, Mulvaney & Carpenter LLP*, 415 F. App'x 432, 433 (3d Cir. 2011) (finding fraudulent joinder when claims against non-diverse parties were barred by statute of limitations and absolute litigation privilege).

## III. Decision

### A. Removal based on Fraudulent Joinder

Plaintiff argues remand is appropriate because Fresenius-Meridian is a proper party to this action as it communicated with her through Sonnenberg about her workplace accommodations. (ECF No. 6-1 at 6–12, 22.) To support this claim, she relies on the fact Sonnenberg's correspondence had letterhead and email domain names containing the words "Fresenius Health Care." (*Id.* at 22.) Plaintiff argues the letterhead and domain name establish that Fresenius-Meridian jointly employed Plaintiff with RCG and therefore Fresenius-Meridian is subject to suit under NJLAD. (*Id.* at 13–14.) She further argues, because there is a viable claim against Fresenius-Meridian, the case must be remanded to state court under the forum-defendant rule. (*Id.* at 15.)

Defendants contend a different entity issued those communications. (ECF No. 12 at 5–6.) They submit declarations with their opposition asserting that Fresenius-Meridian has no employees and did not have business operations pertaining to managing accommodations. (ECF Nos. 12-1, 12-2, 12-3, 12-4.) As such, Defendants argue that Fresenius-Meridian cannot be a joint employer and resultingly is not subject to suit under NJLAD. (ECF No. 12 at 15–16.) Furthermore, Defendants argue Plaintiff failed to adequately plead Fresenius-Meridian was a joint employer

with RCG. (*Id.* at 11.) Defendants maintain, in the absence of a colorable legal claim against Fresenius-Meridian, Fresenius-Meridian has been fraudulently joined and remand should be denied. (*Id.* at 19.)

As a threshold matter, the Court finds it inappropriate to "pierce the pleadings" and consider the declarations offered by Defendants. *See In re Briscoe*, 448 F.3d at 218. Noting the divergence of opinions on this issue within the Third Circuit, this Court has adopted the "workable rule" of considering affidavits as evidence of fraudulent joiner "only if that affidavit 'presents *undisputed* facts that establish with complete certainty that the non-diverse defendant has no liability.'" *Ortiz v. Suzuki Motor of Am. Inc.*, No. 2:25-cv-11949, 2026 WL 84393, at *4 (D.N.J. Jan. 12, 2026) (citing *Wooten v. Boppy Co., LLC*, No. 22-cv-4341, 2023 WL 11826191, at *3 (E.D. Pa. Aug. 14, 2023)). The declarations here state it was not Fresenius-Meridian, but another similarly named entity, that sent emails to Plaintiff. (ECF Nos. 12-1, 12-2, 12-3, 12-4.) Therefore, the actual involvement of Fresenius-Meridian is precisely the factual issue in dispute. The entity to which the letterhead and the email domain name refer is directly contested by the parties. (*See* ECF No. 6 at 20; ECF No. 12 at 14–15; ECF No. 15 at 7–8.) Because the issue is not "undisputed," the Court will not look beyond the complaint to consider Defendants' declarations. *See Ortiz*, 2026 WL 84393 at *3.

While alone, Plaintiff's bare recitation of the elements of joint-employer status would not be well-pleaded, Plaintiff includes sufficient "factual enhancement" in the form of the communications between herself and Sonnenberg. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This correspondence supports the conclusion that an agent of *some* entity fairly described by the name "Fresenius Health Care" had communication with Plaintiff about her accommodations. (*See* ECF No. 6-2 ¶ 22.) Plaintiff's assertion that this communication issued

from Fresenius-Meridian, and not another similarly named entity, is plausible given the email letterhead and domain name. *See Iqbal*, 556 U.S. at 678. As such, the assertion must be afforded the assumption of truth. *See Batoff*, 977 F.2d at 852. Considering this factual inquiry must be less searching than even that of a Rule 12(b)(6) motion, the Court assumes as true that Fresenius-Meridian communicated with Plaintiff about her accommodations. *See id.*

Because the Court credits Plaintiff's factual allegations, it must now consider if those facts give rise to a colorable claim. *See In re Briscoe*, 448 F.3d at 216. New Jersey recognizes a test "for determining whether a joint employment relationship exists for various employment-law purposes." *DeRosa v. Accredited Home Lenders, Inc.*, 22 A.3d 27, 42 (N.J. Super. Ct. App. Div. 2011) (discussing in the context of NLRB litigation). Under this test, "when two or more employers exert significant control over the same employees, that is, where they share in the determination of matters governing essential terms and conditions of employment, they are considered 'joint employers.'" *DeRosa*, 22 A.3d at 42 (citation omitted). At the motion to remand stage, the Court's analysis of Plaintiff's joint employment theory must be less searching than a Rule 12(b)(6) inquiry and cannot rise to the level of determination on the merits. *See In re Briscoe*, 448 F.3d at 219; *Boyer*, 913 F.2d at 112.

Rather, the inquiry is only to whether the claim is "colorable" or "wholly insubstantial or frivolous." *In re Briscoe*, 448 F.3d at 218. Here, presuming the facts alleged in the Complaint are true, it is neither wholly insubstantial nor frivolous to conclude Fresenius-Meridian exerted significant control over Plaintiff's conditions of employment. At the least, Fresenius-Meridian seemed to have the final say in Plaintiff's accommodations process. (ECF No. 6-2 at ¶ 22.) Accordingly, the Court finds Plaintiff has a colorable claim against Fresenius-Meridian as a joint employer of Plaintiff alongside RCG.

For these reasons and because all "doubts must be resolved in favor of remand," the Court finds Fresenius-Meridian was not fraudulently joined. *See Samuel-Bassett* 357 F.3d at 396–403; *Boyer*, 913 F.2d at 111. In the absence of fraudulent joinder, the Court is not free to disregard the citizenship of any defendant for the purposes of establishing diversity jurisdiction. As Fresenius-Meridian and Plaintiff are both citizens of New Jersey and this case was removed solely on the basis of diversity, the Court **GRANTS** Plaintiff's motion and remands for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).

**B. Attorneys' Fees and Costs**

Plaintiff requested attorneys' fees and costs. (ECF No. 6.) This Court may, when remanding a case, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.* "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The Court has discretion in determining "whether unusual circumstances warrant a departure from the rule in a given case." *Id.* In this case, the Court declines to award Plaintiff attorneys' fees and costs. While the Court agrees that joinder of Fresenius-Meridian frustrated complete diversity, the Court does not find Defendants "lacked an objectively reasonable basis for seeking removal" by asserting fraudulent joinder. *Id.* Other courts in the Third Circuit could have considered Defendants' declarations and concluded that Fresenius-Meridian's employment of Plaintiff was a factual impossibility. *See Curtiss Wright Corp. v. CAN Fin. Corp.*, Civ. A. No. 11-04416, 2012 WL 1046536, at *2 (D.N.J. Mar. 28, 2012). Although this Court finds Plaintiff did not fraudulently join Fresenius-Meridian,

there was an objectively reasonable basis for removal under the fraudulent joinder doctrine. Accordingly, Plaintiff's request for attorneys' fees and costs is **DENIED**.

## IV. CONCLUSION

Plaintiff's motion to remand is **GRANTED** and the request for attorneys' fees and costs is **DENIED**. An appropriate order follows.

Date: November 4, 2026

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**